## HARDWICK v. CITY OF MONROE.

### No. 5889.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

J. B. Dawkins, of Monroe, for appellant.

Oliver & Digby, of Monroe, for appellee.

DREW, Judge.

This case arises under the Workmen's Compensation Law of this State. Act No. 20 of 1914.

Plaintiff received an injury to his foot in the region of his ankle while in the employ of the defendant. He was furnished medical treatment and paid compensation, that is, he was paid his regular wages for a period from the date of the injury, November 30th, 1937, until February 5th, 1938, at which time payments ceased.

Plaintiff filed this suit contending he is totally and permanently disabled from performing work of any reasonable character due to the injury. Defendant contends all disability had ceased on February 5th, 1938.

The lower court rendered judgment in favor of defendant, rejecting the demands of plaintiff and from that judgment he prosecutes this appeal.

The evidence in the case is very meager, consisting entirely of the testimony of plaintiff and one doctor, and for the defense, the testimony of two doctors.

The testimony given by the doctor testifying for plaintiff is based to some extent on an erroneous foundation, due to the fact that he predicated his treatment to a large extent upon the theory that plaintiff's original injury was different and more severe than it really was. This was brought about by a misinterpretation of what the doctor who treated plaintiff meant by a cracked fibula in giving the doctor who testified for plaintiff a description of the injury received. On the other hand, the two doctors who testified for defendant and who had examined and treated plaintiff had made no examination of him from the time they were sure he should recover. We mention these facts to show that the evidence as a whole is not very satisfactory and not such as we would like to base an opinion on. Ordinarily under such circumstances, we would not hesitate to affirm the judgment, but in dealing with cases arising under the humanitarian law of compensation, we prefer to always make every effort to arrive at the true facts and satisfy ourselves that no injustice is being done. If the plaintiff has recovered, he is not entitled to compensation, and the defendant has been more than fair in paying him full wages during the period of disability, instead of 65% of his wages provided for by the compensation act.

If he is still disabled, he is entitled to compensation, and we are of the opinion evidence can be procured to show with some certainty, at least, what his true condition is.

Under the circumstances, we deem it advisable under the authority granted us, and in the interest of justice, to remand the case to the lower court for further evidence regarding plaintiff's condition.

Therefore, the judgment of the lower court is set aside and the case is remanded to the lower court to be heard in accordance with the views herein expressed. All costs to abide a final decision of the case.